IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Yvonne Marie Coyle | § | |
| | § | Civil Action No. |
| vs. | § | |
| | § | 3:23-cv-00971-N |
| Liberty Mutual Insurance Company | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Yvonne Marie Coyle** (hereinafter Plaintiff) complaining of and about **Liberty Mutual Insurance Company** and for cause of action shows unto the Court the following:

**JURISDICTION and VENUE**

1. Pursuant to 28 U.S.C. §1332, the subject matter in controversy is within the jurisdictional limits of this court in that the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) because it is where the property at issue and Plaintiff are located.

**SERVICE**

3. Defendant **Liberty Mutual Insurance Company** (hereinafter Defendant) is an insurance company, doing business in the State of Texas. Said Defendant has been served and has answered this lawsuit.

**AGENCY AND VICARIOUS LIABILITY**

4. Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

**WRITTEN NOTICE GIVEN**

5. Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

6. Notice was sent on January 10, 2023 and received by Defendant on January 20, 2023, and this lawsuit is being filed after the expiration of 60 days.

**FACTS**

7. On May 3, 2022, Plaintiff had a homeowners policy of insurance with Defendant, policy number H37-298-227348-70.

8. The policy was purchased in January of 2019.

9. Since January of 2019, Plaintiff annually renewed the policy.

10. Plaintiff was never sent any new policy nor was a new policy ever made available to Plaintiff.

11. Plaintiff assumed and had every right to assume that the renewals she paid were on the January 2019 policy that was provided to her.

12. Defendant maintained a web site for it's insured to read the policy and any updates to the policy.

13. Plaintiff has not received nor has any updates to the January 2019 policy been available to Plaintiff and as of the date of the Notice letter, the only policy showing on the Defendant's website for Plaintiff is the January 2019 policy.

14. On May 3, 2022, Plaintiff suffered a water damage loss to her home. This is a type of loss covered by the policy.

15. Plaintiff promptly reported the claim and the adjuster assigned to the claim was Zack Kuehn (hereinafter Kuehn).

16. In a letter dated June 8, 2022, Kuehn denied Plaintiff's claim benefits based on his assertion that the leak damage had been occurring for "... a period of fourteen days or more ..." and the policy excluded such damage that had been occurring for "a period of fourteen days or more".

17. Plaintiff got her policy and was unable to find the exclusion/limitation mentioned in Kuehn's denial letter of June 8, 2022.

18. When Plaintiff called Defendant, she was told that her policy was on-line and Plaintiff went online and the only policy there was the January 2019 policy that she had been renewing every year.

19.     Due to the conduct of Kuehn, Plaintiff has suffered pain and mental anguish resulting in emotional pain, torment, and suffering, exhibited by headaches, upset stomach, an inability to sleep well, and an inability to concentrate and carry own with daily activities.

**VIOLATIONS OF THE TEXAS INSURANCE CODE**

20.     Plaintiff incorporates herein all the FACTS as set forth above.

21.     Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   a) <u>TIC §541.060(a)(1)</u>:     Defendant and Kuehn violated this section by misrepresenting to a claimant a material fact relating to coverage at issue by telling claimant there is no coverage because her policy did not cover the type of loss Plaintiff experienced wherein the loss had been occurring for "a period of fourteen days or more" when there is no such language in the policy Plaintiff had or had access to read.

   b) <u>TIC §541.060(a)(2)(A)</u>:     Defendant and Kuehn violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research would show that the policy language cited by Kuehn was not in the policy provided to Plaintiff nor was a policy with such language made available to Plaintiff.

   c) <u>TIC §541.060(a)(3)</u>:     Defendant and Kuehn violated this section by failing to provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of a claim, i.e., see Facts above.

   d) <u>TIC §541.060(a)(7)</u>:     Defendant and Kuehn violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that a reasonable investigation would show that the policy language cited as a reason for denying Plaintiff's claim was not in the policy, provided to Plaintiff, nor made available to her.

   e) <u>TIC §541.061(1)</u> :     Defendant and Kuehn violated this section by making an untrue statement of material fact, i.e., that the policy Plaintiff had been provided by Defendant contained language it in fact did not contain justifying a denial of her claim.

   f) <u>TIC §541.061(2)</u>:     Defendant and Kuehn violated this section by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made because Defendant and Kuehn are citing policy language as justification for denying Plaintiff's claim when there is no such policy language.

   g) <u>TIC §541.061(3)</u>:     Defendant and Kuehn violated this section by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, i.e., that Plaintiff's policy contained the exclusionary language cited in the June 8, 2022, denial letter when no such language was in Plaintiff's policy.

**BREACH OF CONTRACT**

22.     Plaintiff incorporates herein all the FACTS as set forth above.

23. Defendant's conduct in this matter appears to be in Breach of Contract.

24. There is a valid, enforceable contract of insurance between Plaintiff and Defendant.

25. Plaintiff is a proper party to bring this lawsuit against Defendant.

26. Plaintiff has performed under the contract by paying premiums and cooperating with the investigation and supplying necessary information.

27. Defendant breached the contract by not providing benefits.

28. The breach of the contract has caused injury to Plaintiff.

**PROMPT PAYMENT OF CLAIMS ACT**

29. Plaintiff incorporates herein all the FACTS as set forth above.

30. Defendant had all the information needed to pay Plaintiff's claim on or before June 8, 2022. As a result, this claim should have been accepted and paid by June 15, 2022.

31. Defendant's conduct in this matter appears to be in violation of Prompt Payment, as follows:

   a. PPCA §542.058(a):   Defendant violated this section in that except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under §542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by §542.060.

32. Defendant is liable as penalty at an interest of 18% a year on the policy benefits plus attorneys' fees.

**NEGLIGENCE**

33. Plaintiff incorporates herein all the FACTS as set forth above.

34. Defendant's conduct constitutes Negligence for which Defendant can be held responsible.

35. Defendant owed a legal duty to Plaintiff to inform her of any changes to her policy.

36. Defendant breached the duty by not informing Plaintiff of changes they allege occurred.

37. The breach proximately caused the Plaintiff's injury.

**DAMAGES**

38. Plaintiff incorporates herein all the FACTS as set forth above.

39. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

    a) Actual damages:  $55,206.10

    b) Loss of Market Value and/or Replacement Value.

    c) Mental anguish damages resulting from Defendants' conduct  - To be determined by Trier of Fact

    d) Exemplary damages, up to three times actual damages, due to the knowing and intentional conduct on Defendant's part.

    e) $????.??    - Penalty at 18% on actual damages from June 15, 2022, until paid.

**ATTORNEY'S FEES**

40. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

**PRE-JUDGMENT and POST JUDGMENT INTEREST**

41. As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that Plaintiff is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

42. Further, Plaintiff will show that Plaintiff is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

**COSTS OF SUIT**

43. In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

44. Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**REQUEST FOR JURY TRIAL**

45. Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**PRAYER**

46. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on May 15, 2023.

Respectfully submitted,

/s/     Mark S. Humphreys
Mark S. Humphreys   - SBOT #00789762

MARK S. HUMPHREYS, P.C.
211 South Rusk Street, Weatherford, TX 76086
Tel.  (972) 263-3722        *        Fax.  (972) 237-1690
Email:   texaslaw94@yahoo.com
**Attorney For Plaintiff**

**CERTIFICATE OF SERVICE**     I hereby certify by my signature above that a true copy of the foregoing instrument was on May 15, 2023, forwarded to defense counsel via ECF notification.